**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARK CRUDUP,
                Plaintiff,

     v.                                          No. 06-CV-795 (GLS/DRH)

JOHN/JANE DOE, CED, Reser's Fine Foods, Inc.; JOHN DOE, Dentist, Carver Community Medical Center;[1] HARRY C. BUFFARDI, Sheriff, City County Jail of Schenectady; SCHENECTADY COUNTY JAIL;and RESER'S FINE FOODS, INC.

                Defendants,

---

**APPEARANCES:**                           **OF COUNSEL:**

MARK CRUDUP
Plaintiff Pro Se
428 Duane Avenue
Schenectady, New York 13205

HON. GLENN T. SUDDABY                      DIANE J. CAGINO, ESQ.
United States Attorney for the Northern    Assistant United States Attorney
   District of New York
Attorney for Defendant John Doe dentist
Room 218
James T. Foley U.S. Courthouse
Albany, New York 12207-2924

GOLDBERG SEGALLA LLP                       WILLIAM J. GREAGAN, ESQ.
Attorney for Defendants Harry C.           JONATHAN M. BERNSTEIN, ESQ.
   Buffardi and Schenectady County
   Jail
8 Southwoods Boulevard
Suite 300

---

     [1] The complaint mistakenly named defendant John Doe dentist ("defendant dentist") as an employee of the Carver Community Medical Center. However, "dental services at the Schenectady County Jail are [actually] rendered by employees of Schenectady Family Health Services, Inc." Notice of Removal (Docket No. 1, pt. 1) at 1 n.1; Def. Doe Mem. of Law (Docket No. 5, pt. 2) at 1 n.1.

Albany, New York 12211

PHELAN, PHELAN & DANEK, LLP                TIMOTHY S. BRENNAN, ESQ.
Attorney for Defendants Harry C.
    Buffardi and Schenectady County
    Jail
302 Washington Avenue Extension
Albany, New York 12203

EUSTACE & MARQUEZ                           HEATH A. BENDER, ESQ.
Attorney for Defendant Reser's Fine
    Foods, Inc.
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York 10605

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Mark Crudup ("Crudup"), formerly an inmate in the custody of the Schenectady County Jail ("Jail"), brought an action in the Schenectady County Supreme Court alleging that defendants, the Schenectady County Sheriff and individuals providing services to inmates at the Jail, were negligent in serving food and providing dental care. Compl. (Docket No. 1, pt. 2). On June 26, 2006, defendant dentist removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. §2679(b)(2) on the ground that defendant dentist's employer was a grantee of a federal agency giving the federal courts exclusive jurisdiction over Crudup's claim. Docket No. 1. Presently pending is defendant dentist's motions to (1) substitute the United States as defendant for defendant dentist pursuant to 42 U.S.C. § 233 and (2) dismiss the case against the United States

---

[2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pursuant to 28 U.S.C. § 2675(a).  Docket No. 5, pt. 2.  Also pending is Crudup's motion to remand.³  Docket No. 20.  For the following reasons, it is recommended that defendant dentist's motion be granted in its entirety and that Crudup's motion to remand also be granted.

## I.  Background

The facts are presented in the light most favorable to Crudup as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

Crudup was incarcerated at the Jail at all relevant times herein.  Compl. at ¶ 1.  On or about August 15, 2004, Crudup was eating potato salad, bit down on a foreign object, and broke his tooth.  Id. at ¶ 5.  After submitting multiple requests for treatment, Crudup was finally seen by the Jail's dental staff.  id. at ¶ 6.  Crudup contends that defendant dentist committed malpractice by improperly breaking off his tooth, leaving the root exposed.  Id. at ¶ 6.  As a result, Crudup experienced excruciating pain and suffering.  Id. at ¶ 6.  Id. at ¶ 14.

On or about April 28, 2006, Crudup commenced this action in the Schenectady County Supreme Court.  Docket No. 1 at ¶ 1.  Defendant dentist is employed by Schenectady Family Health Services, Inc. ("Family Health Services") which

> is a grantee of the Department of Health and Human Services and . . . [pursuant to] the Federally Supported Health Centers Assistance Act, [Family Health Services] and its employees are covered under the Federal Tort Claims Act [FTCA] in that the complaint alleges personal injuries incurred as a

---

³ Crudup filed his motion captioned as a motion to amend.  However, the motion did not attach a proposed amended complaint or other proposed amended pleading.  In essence, the motion challenges defendant dentist's removal of this case to federal court pursuant to the FTCA and asserts that his state law claims should be converted to a 42 U.S.C. §1983 claim.

> result of dental services rendered to [Crudup] while an inmate at Schenectady County Jail.

Id. at ¶ 3.  Defendant dentist has provided certification that Family Health Services was a grantee of the federal government.  Id. at ¶ 4 & pt. 3; Docket No. 5, pt. 2 at 1-2 & pt. 3.  Pursuant to 42 U.S.C. §§ 233(a) and (c), defendant dentist removed the case to this court on June 26, 2006.  Docket No. 1; Docket No. 5, pt. 2 at 2.  These motions followed.

## II.  Discussion

### A. Removal

District courts retain original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States."  28 U.S.C. § 1331.   Unless expressly prohibited by Congress, "any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant . . . ."  28 U.S.C. § 1441. .  The FTCA is a federal statute providing civil relief for damages, including personal injuries, caused by Public Health Service workers.  42 U.S.C. § 233(a).  Because Crudup has asserted a civil action for which a federal statute may provide relief, this Court had original jurisdiction over the case and defendant dentist's removal was proper.

In response to defendant dentist's motion, Crudup seeks to remand the case back to state court.  However, Crudup asserts no basis for removal.  Because the Court's jurisdiction over the case is clear, Crudup presumably seeks remand on alternative grounds.  However, the motion to remand was made five months late.  See 28 U.S.C. § 1447(c) (stating that a motion to remand must be made within thirty days of the filing of the notice of removal).  Thus, Crudup's untimely, vague, and conclusory allegations are

insufficient to override defendant dentist's removal to this Court and a remand to state court.

## B. The United States as a Defendant

The FTCA provides an "[exclusive] remedy against the United States . . . for damage for personal injury . . . resulting from the performance of . . . dental . . . functions . . . by any commissioned officer or employee of the Public Heath Service while acting within the scope of his office or employment . . . ." 42 U.S.C. § 233(a). Subsection 233(g) sets forth the procedure for certain entities and their employees receiving federal grants to be deemed employees of the Public Health Service for purposes of § 233(a). Koehler v. Cortland Memorial Hosp., 65 F. Supp. 2d 103, 106 (N.D.N.Y. 1999). Certified community health centers are among those entities entitled to Public Health Service status. Id.  In this case, Family Health Services was a certified community health center entitled to Public Health Service status pursuant to § 233. Docket No. 1, pt. 3; Docket No. 5, pt. 3. Thus, because Crudup brings suit against a Public Health Service, his exclusive remedy lies against the United States as long as defendant dentist was acting within the scope of his employment. As alleged in the complaint, defendant dentist's actions were indisputably undertaken within the scope of his employment. Therefore, Crudup's action lies against the United States.

Additionally,

> Upon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action . . . commenced in a State court shall be removed . . . any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and **the proceeding deemed a tort action brought against the**

5

**United States** . . . .

42 U.S.C. § 233(c) (emphasis added).  In this case, the Attorney General has certified that defendant dentist was acting in the scope of his employment as to the matters alleged in the complaint.  Docket No. 1 at ¶ 3.  Additionally, the Attorney General properly and timely removed the case, seeking removal to the district court in which the state action was pending.  Docket No. 1.  Therefore, the resulting federal litigation is deemed a tort action brought against the United States and not defendant dentist.

Accordingly, defendant's motion to substitute the United States as defendant is granted.

### C. Motion to Dismiss

"Under longstanding principles of sovereign immunity, relief may not be awarded against the United States unless it has waived its immunity."  Davis v. United States, 430 F. Supp. 2d 67, 72 (D. Conn. 2006) (citing Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999)).  "The FTCA constitutes a limited waiver by the United States of its sovereign immunity."  Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998) (internal citations omitted).  The FTCA provides that

> An action shall not be instituted . . . against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  "This requirement is jurisdictional and cannot be waived."  Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005) (citations omitted).

Moreover, this requirement applies to all actions, including those commenced in state court and removed to federal court. Id. (citing 28 U.S.C. § 2679). This requirement caused concern that plaintiffs filing actions in state court would be unfairly prejudiced by the jurisdictional prerequisites upon the action's removal to federal court. However, FTCA amendments

> ensure[] that state court actions removed to federal court will still be considered timely if (1) the claim would have been timely had it been filed on the date that the underlying [state] civil action was commenced.[4] and (2) the claim is presented to the relevant Federal administrative agency within sixty days after dismissal of the [state] civil action.

Celestie 403 F.3d at 83 (citing 28 U.S.C. § 2679(d)(5)).

In this case, Crudup was allegedly injured on or about August 15, 2004 and received dental treatment sometime thereafter. Compl. at ¶ 5. Crudup commenced this case in state court on April 10, 2006, well before the two year statute of limitations expired. Compl. at ¶ 14. Thus, the claim is timely as it satisfies the first prong of the analysis. However, it is undisputed that Crudup failed to file a complaint with the appropriate federal agency. Bergeron Aff. (Docket No. 5, pt. 4) at ¶ 4. Because Crudup did not comply with the jurisdictional prerequisites of the FTCA, the claim against the United States has not satisfied the second prong of the amendment and the FTCA compels dismissal.

Therefore, defendant's motion on this ground is granted.

---

[4] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). "Claims under the FTCA accrue either at the time of injury or when the plaintiff has, or with reasonable diligence should have, discovered the facts critical to his or her injury, whichever is earlier." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) (citations omitted).

**D. 42 U.S.C. § 1983 Claim**

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  This includes liberally construing the litigant's submission, reading it "to raise the strongest arguments that [it] suggest[s] . . . ."  Id. (citations and footnotes omitted).  Liberally construing Crudup's complaint and motion for remand,[5] there is also asserted a claim for deprivation of Crudup's Eighth Amendment rights under 42 U.S.C. § 1983 against defendant dentist.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway, 37 F.3d at 66.  More than negligence is required "but less than conduct undertaken for the very purpose of causing harm."  Hathaway, 37 F.3d at 66.  The test for a § 1983 claim is twofold.  First, the prisoner must show that there was a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer v. Brennan, 511 U.S. 825, 844 (1994).

"'Because society does not expect that prisoners will have unqualified access to

---

[5] As previously stated, Crudup's motion for remand is captioned as a motion to amend in which Crudup seeks to convert his negligence claims into a 42 U.S.C. § 1983 claim.

healthcare', a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)).  Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain."  Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)(citing Chance, 143 F.3d at 702).  The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case.  Smith, 316 F.3d at 185.

   Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs."  Chance, 143 F.3d at 702.  Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104, (1976).  "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Id. at 703.  Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . .  are not adequate grounds for a § 1983 claim."  Magee v. Childs, No. 04-CV-1089 (GLS/RFT), 2006 WL 681223, at *4 (N.D.N.Y. Feb. 27, 2006).  Furthermore, allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness.  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

9

In this case, Crudup appears to have asserted a serious medical need.  See Chance, 143 F.3d at 702 (holding that a plaintiff suffered a serious medical need when "he suffered extreme pain, his teeth deteriorated, and he [became] unable to eat properly.").  Like the plaintiff in Chance, crediting all Crudup's allegations as true, he has suffered pain, loss of a tooth, and loss of function in his jaw and mouth which constitute serious medical needs.

However, even if Crudup sufficiently asserts a serious medical condition, mere negligence by defendant dentist does not rise to the level of deliberate indifference unless there was culpable recklessness.  Hathaway, 99 F.3d at 553.  However, culpable recklessness is neither asserted nor indicated by Crudup's allegations.  Thus, Crudup's Eighth Amendment claim would also fail.

### III. Remand

Defendant dentist constitutes the sole basis for federal jurisdiction in this case. Therefore, if the district court adopts the recommendation herein that the complaint be dismissed as to defendant dentist, no basis exists for subject matter jurisdiction over the remaining claims and defenses and the case should then be remanded to state court.

### IV. Conclusion

For the reasons stated above, it is hereby **ORDERED** that:

1. Defendant dentist's motion to substitute the United States as party-defendant for defendant dentist (Docket No. 5) is **GRANTED**; and

2. Crudup's motion for remand and to amend the complaint (Docket No. 20) is **DENIED**; and

**IT IS RECOMMENDED** that:

1. Defendant dentist's motion to dimiss the complaint (Docket No. 5) be **granted** and the complaint be dismissed in its entirety as to defendant dentist; and

2. The case be **REMANDED** to the New York State Supreme Court, Schenectady County, for all further proceedings.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: May 1, 2008
       Albany, New York

_David R. Homer_
United States Magistrate Judge