**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**MARK CRUDUP,**

                      **Plaintiff,**

      **v.**
                                    **9:06-CV-795
                                    (GLS/DRH)**

**JOHN/JANE DOE, CED, Reser's Fine Foods, Inc.; JOHN DOE, Dentist, Carver Community Medical Center;** [1] **HARRY C. BUFFARDI, Sheriff, City County Jail of Schenectady; SCHENECTADY COUNTY JAIL; and RESER'S FINE FOODS, INC.**

                      **Defendants,**

---

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MARK CRUDUP
Last Known Address:
Altamont Program Inc.
428 Duane Avenue
Schenectady, New York 12304[2]

---

[1] The complaint mistakenly named defendant John Doe dentist ("defendant dentist") as an employee of the Carver Community Medical Center. However, "dental services at the Schenectady County Jail are [actually] rendered by employees of Schenectady Family Health Services, Inc." Notice of Removal (Docket No. 1. pt. 1) at 1 n.1; Def. Doe Mem. of Law (Docket No. 5, pt. 2) at 1 n.1.

[2] The court obtained this zip code from the world wide web: www.treatment4addiction.com website.

**FOR DEFENDANT JOHN DOE DENTIST:**

| | |
|---|---|
| HON. GLENN T. SUDDABY<br>United States Attorney for the Northern District of New York<br>Room 218<br>James T. Foley U.S. Courthouse<br>Albany, New York 12207-2924 | DIANE J. CAGINO<br>Assistant United States Attorney |

**FOR DEFENDANTS BUFFARDI AND SCHENECTADY COUNTY JAIL:**

| | |
|---|---|
| GOLDBERG SEGALLA LLP<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, New York 12211 | WILLIAM J. GREAGAN, ESQ.<br>JONATHAN M. BERNSTEIN, ESQ. |
| PHELAN, PHELAN & DANEK, LLP<br>302 Washington Avenue Extension<br>Albany, New York 12203 | TIMOTHY S. BRENNAN, ESQ. |

**FOR DEFENDANT RESER'S FINE FOODS, INC.**

| | |
|---|---|
| EUSTACE & MARQUEZ<br>1311 Mamaroneck Avenue<br>3rd Floor<br>White Plains, New York 10605 | HEATH A. BENDER, ESQ. |

**Gary L. Sharpe**
**United States District Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Mark Crudup. Accordingly, it considers *sua sponte* Crudup's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On June 26, 2006, a notice of removal was filed by defendant John Doe, Dentist. On May 1, 2008, Judge David R. Homer issued a Report-Recommendation and Order. Judge Homer granted the defendant dentist's motion to substitute the United States as party-defendant for defendant dentist (Dkt. No. 5) and denied Crudup's motion for remand and to amend the complaint (Dkt. No. 20). Judge Homer recommended that the defendant dentist's motion to dismiss the complaint (Dkt. No. 5) be granted and the complaint be dismissed in its entirety as to defendant dentist. Judge Homer further recommended that the case be remanded to the New York State Supreme Court, Schenectady County, for all further proceedings. *See Dkt. No.* 30. Crudup's copy of the Report-Recommendation and Order was returned as undeliverable - attempted not known. *See Dkt. No.* 31. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding

them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On June 12, 2008, the court issued an order directing Crudup to submit his current address to the court and file any objections to the

4

Report-Recommendation, if he so chooses. within fourteen days from the date of the filing of the order. *See Dkt. No.* 32.  The court warned Crudup that his failure to comply with the order will result in the court considering the Report-Recommendation as unopposed.  However,  Crudup's copy of the order was mailed to his last known addresses, but returned as Returned to Sender - Attempted not known/Unable to forward.  *See Dkt. Nos.* 33-34*.*

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141*,*1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Crudup's failure to provide this court with a change of address normally would warrant dismissal, however, the Court will consider the Report-Recommendation as unopposed. The above-captioned matter comes to this court following a Report-Recommendation by Magistrate Judge David R. Homer, duly filed May 1, 2008.  Following ten days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the Magistrate Judge's Report-Recommendation for clear error, it is hereby

ORDERED, that the Report-Recommendation of Magistrate Judge David R. Homer filed May 1, 2008 is ACCEPTED in its entirety for the reasons state therein, and it is further . According, it is hereby

**ORDERED** that defendant dentist's motion to dismiss the complaint

(Docket No. 5) is GRANTED and the complaint is DISMISSED in its entirety as to the defendant dentist, and it is further

**ORDERED** that the case is REMANDED to the New York State Supreme Court, Schenectady County, for all further proceedings; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address and all parties by regular mail.

**SO ORDERED.**

**Dated:   July 28, 2008**
          **Albany, New York**

_____
Gary L. Sharpe
U.S. District Judge